UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY LONG <br> SYBRINA CONLEY LONG, | : | CIVIL NO. 3:12-CV-1807 |
| Plaintiffs, | : | (Judge Mariani) |
| v. | : | |
| MARY SABOL, | : | |
| Defendants | : | |

## MEMORANDUM and ORDER

On September 10, 2012, the above action was initiated upon the filing of a Petition for an Emergency Ex Parte Injunction ("Petition") by Jeremy Long (hereinafter "Husband"), an inmate confined at the Adams County Adult Correctional Complex in Gettysburg, Pennsylvania, in which he seeks emergency injunctive relief on behalf of his wife, Sybrina Conley Long (hereinafter "Wife"), an inmate at the York County Prison.[1] (Doc. 1.) Specifically, Husband seeks the restoration of various privileges of Wife's that allegedly have been restricted as a result of her confinement in a Behavior Adjustment Unit ("BAU") at York County Prison. The action has been opened as a civil rights action under the provisions of 42 U.S.C. § 1983. The Petition neither was accompanied by the $350.00 filing fee nor the required forms to proceed in forma pauperis in a civil rights case. For the reasons that follow, within thirty (30) days from the date of this Order, we shall

---

[1] The Court has confirmed through Vinelink, a website which provides the status of inmates in the custody of Pennsylvania correctional facilities, that an inmate named Sybrina Conley, Inmate # 180083, currently is in the custody of the York County Prison. See https://www.vinelink.com/vinelink/siteInfoAction.do?siteId=39000

direct the filing of a Complaint signed by Wife. By separate Administrative Order, we shall direct Wife within thirty (30) days to either pay the $350.00 filing fee or file a properly completed application to proceed in forma pauperis and signed authorization form. Wife's failure to comply with our Orders within the required time will result in the dismissal of this action.

We begin by observing that this action may not proceed solely on the petition for injunctive relief that has been filed. Federal Rule of Civil Procedure 3 states as follows: "A civil action is commenced by filing a complaint with the court." The Petition that has been filed in the instant case therefore is not sufficient to commence a civil action in this Court, and we shall require the filing of a complaint for this action to proceed.

In addition to the need for the filing of a complaint, this action may not proceed with Husband and Wife acting as joint plaintiffs or with Husband acting as "next friend" on Wife's behalf.

It appears from the caption of the Petition, where Husband has designated himself and Wife as co-plaintiffs, that he may be seeking to join with Wife in one action as plaintiffs under the provisions of Federal Rule of Civil Procedure 20(a)(1).[2] However, the request for relief relates solely to Wife. Specifically, the Petition requests that Wife's mailing rights be restored; that she be given a Bible; that she be afforded access to legal research materials; that she be given writing

---

[2]Federal Rule of Civil Procedure 20(a)(1) provides as follows:
**(1) Plaintiffs**. Persons may join in one action as plaintiffs if:
 **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
 **(B)** any question of law or fact common to all plaintiffs will arise in the action.

and mailing supplies; and that her mail not be limited if she has the funds to pay for mailing supplies. (See Doc. 1 at 3-4.) Although the Court is sympathetic to Husband's desire to assist Wife, Husband is not seeking any right to relief jointly with Wife, but instead seeks relief solely for Wife. Therefore, Husband and Wife do not meet the requirements for permissive joinder as set forth in Federal Rule of Civil Procedure 20(a)(1).

Alternatively, it appears that Husband may be attempting to pursue the instant action as "next friend" of Wife. A litigant seeking to bring a claim on behalf of another individual as a "next friend" must establish the requisite [Article III] standing to sue." See Whitmore v. Arkansas, 495 U.S. 149, 154 (1990); accord In re Zettlemoyer, 53 F.3d 24, 26-27 (3d Cir. 1995) (per curiam). "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Whitmore, 495 U.S. at 163.

An individual seeking "next friend" standing must meet two prerequisites. First, he or she must "provide an adequate explanation- such as inaccessibility, mental incompetence, or other disability- why the real party in interest cannot appear on his [or her] own behalf to prosecute the action." Whitmore, 495 U.S. at 164 (citations omitted). Second, the individual seeking standing as "next friend" must demonstrate that he or she is "truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate" and has some "significant relationship" with that person. Id. (citations omitted). The burden is on the individual seeking "next friend" standing to establish these prerequisites. See id.; see also Zettlemoyer, 53 F.3d at 26-27.

In the instant case, Husband does not meet either of the prerequisites. First, although

3

Husband alleges that Wife was confined to the BAU at York County Prison on August 17, 2012 and that her confinement in that unit resulted in restrictions on her visitation and mail privileges, he does not state that her confinement to the BAU is permanent such that she completely lacks the "ability, opportunity, [or] resources" to prepare and file a complaint to initiate a civil rights action. Secondly, while the marriage certificate attached to the Petition by Husband may serve as proof of a "significant relationship" between Husband and Wife (see Doc. 1 at 6), the Court cannot assume solely based upon the fact that they are married that Wife wishes for Husband to act on her behalf or that Husband is acting in Wife's best interests. Further, the mere fact that Husband is married to Wife does not evade the "well established principle that while a layman may represent himself with respect to his individual claims, he is not entitled to act as an attorney for others in federal court." Lutz v. Lavelle, 809 F. Supp. 323, 325 (M.D. Pa. 1991); see 28 U.S.C. § 1654 ("In all courts of the United states the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); DePonceau v. Pataki, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) ("[P]laintiffs have no statutory nor constitutional right to be represented in federal court by a non-lawyer").

Consequently, if this action is to proceed, within thirty (30) days, Wife must file a Complaint listing herself as the sole plaintiff, and Wife must sign the Complaint. She must also comply with our separate Administrative Order by either paying the filing fee or filing the properly completed paperwork to proceed in forma pauperis.

AND NOW, THEREFORE, THIS /8th/ DAY OF SEPTEMBER, 2012, IT IS HEREBY ORDERED AS FOLLOWS:

1. Along with a copy of this Order, the Clerk of Court shall mail to Sybrina Conley, Inmate # 180083, at York County Prison, the following documents:

   a. a copy of the Petition (Doc. 1);

   b. a copy of the Court's § 1983 civil rights complaint form;

2. The Clerk of Court shall mail a copy of this Order to Jeremy Long.

3. Within **thirty (30) days** from the date of this Order, Sybrina Conley shall file a signed civil rights Complaint.

4. Sybrina Conley's failure to comply with the terms of this Order, and our separate Administrative Order, within the required time will result in the dismissal of this action.

Robert D. Mariani
United States District Judge